# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAM LAJIN,<br><br>                   Plaintiff,<br><br>v.<br><br>DAVID M. RADEL, *et al.*,<br><br>                  Defendants. | Case No.: 19cv52-MMA (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 3] |

    Defendants David M. Radel, Kevin K. McAleenan, and William P. Barr[1] (collectively, "Defendants") move to dismiss Plaintiff Issam Lajin's ("Plaintiff") Complaint for mandamus relief filed under the U.S. Citizen and Immigration Service statute pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 3-1 ("Mtn."). Plaintiff filed a response in opposition [Doc. No. 5 ("Oppo.")], to which Defendants replied [Doc. No. 7 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 6. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

---

[1] Kevin K. McAleenan is substituted for Kirstjen Nielson and William P. Barr is substituted for Matthew G. Whitaker, who were named in the Complaint. *See* Fed. R. Civ. P. 25(d).

# BACKGROUND[2]

Plaintiff Issam Lajin came to the United States from Syria as an F-1 student on June 11, 2013. Compl. ¶ 5. On December 24, 2015, Plaintiff filed an application for asylum and withholding of removal, asserting a fear of returning to Syria due to his religious sect and religious beliefs, political opinion, and membership in a particular social group as a medical doctor. Compl. ¶ 6. Since then, Plaintiff has not received an asylum interview and the U.S. Citizenship and Immigration Services ("USCIS") has not adjudicated his application. Compl. ¶ 12.

Based on the foregoing, Plaintiff brings claims against Defendants for violations of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), and asserts that he is entitled to relief under the Mandamus Act. Compl. ¶ 18. Plaintiff also contends the USCIS policy that prioritizes interviewing applicants with newer filings and working back towards older filings is arbitrary, capricious and inherently unfair, and violates Plaintiff's due process rights. Compl. ¶¶ 10-16.

# LEGAL STANDARDS

## A. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White*, 227 F.3d at 1242. "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves would otherwise

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the challenge to jurisdiction is a facial attack . . . the plaintiff is entitled to the safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012) (internal citation and quotation omitted).

**B.     Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

//

# DISCUSSION

Defendants move to dismiss Plaintiff's complaint on five grounds: (1) the Court lacks subject matter jurisdiction; (2) Plaintiff fails to state a claim under the APA; (3) Plaintiff fails to state a claim under the Mandamus Act; (4) Plaintiff fails to state a due process claim; and (5) Plaintiff presents a non-justiciable political question. *See generally*, Mtn. The Court declines to analyze the political question argument in light of its rulings on the first four arguments.

## A. Subject Matter Jurisdiction

Defendants contend this Court lacks subject matter jurisdiction because the INA "creates no substantive or procedural right upon which Plaintiff can base his action." Mtn. at 17. The INA contains two provisions establishing timing guidelines for the adjudication of asylum applications. First, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed[.]" 8 U.S.C. § 1158(d)(5)(A)(ii). Second, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." *Id.* § 1158(d)(5)(A)(iii).

Here, it appears that Plaintiff's primary theory of relief is based on Defendants' violation of § 1158(d)(5)(A)(ii) by not conducting an initial interview in the approximately three and a half years his application has been pending. However, the INA provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person. *Id.* § 1158(d)(7). Plaintiff avers that this "merely points out that, given that asylum is discretionary in nature, no applicant can compel the granting of the benefit." Oppo. at 15. Courts in the Ninth Circuit that have addressed § 1158(d)(7) have declined to conclude that a private right of action exists. *Ms. L. v. United States Immigration & Customs Enforcement*, 302 F. Supp. 3d 1149, 1168 (S.D. Cal. 2018) ("Absent any authority that a private right of

action exists [under § 1158(d)(7)], the Court grants Defendants' motion to dismiss this claim."); *Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRx), 2019 U.S. Dist. LEXIS 68043, at *6-7 (C.D. Cal. Apr. 22, 2019) (collecting cases in the Central District of California that have held that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)); *Ou v. Johnson*, No. 15-cv-03936-BLF, 2016 U.S. Dist. LEXIS 191685, at * 3-5 (N.D. Cal. Feb. 16, 2016) ("Under § 1158, there is no private right of action."). Courts outside the Ninth Circuit have likewise concluded that no private right of action exists under § 1158(d)(7). *Ivantchouk v. United States Attorney General*, 417 F. App'x 918, 921-22 (11th Cir. 2011) ("Nothing in § 1158(d) creates a private right of action against the government."); *L.M. v. Johnson*, 150 F. Supp. 3d 202, 209-10 (E.D.N.Y. 2015) (noting that § 1158(d)(7) "does make clear that Plaintiffs do not have a private right of action under the INA itself").

Accordingly, § 1158(d)(7) "states that the asylum-related timeframes contained within the INA are not legally enforceable rights. In other words, while Section 1158(d)(7) does not strip this court of subject matter jurisdiction or preclude judicial review, it does make clear that Plaintiff[] do[es] not have a private right of action under the INA itself." *L.M.*, 150 F. Supp. 3d at 210. Thus, Plaintiff may raise his claim in this court, "but the INA provides [him] no relief[.]" *Id.*

**B.** **Failure to State A Claim**

Even without the statutory bar to private rights of action to enforce the timing guidelines of § 1158(d)(5)(A), Plaintiff has failed to state a claim under the APA, the Mandamus Act, and the due process clause.[3]

//

---

[3] Defendants submit a declaration from the Chief of the Asylum Division within the USCIS, U.S. Department of Homeland Security, to support their motion. Doc. No. 3-2. The Court does not rely on the declaration because "[i]n ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

### 1. Administrative Procedures Act

The APA requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). Where an agency fails to do so, a "reviewing court shall compel agency action unlawfully or unreasonably delayed." 5 U.S.C. § 706(1). "A court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004)).

Assuming without deciding that the 45-day rule is a specific, unequivocal command, the Court finds that Defendants have not unreasonably delayed in complying with the command. Courts in the Ninth Circuit apply the following six factors set forth in *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) (the "*TRAC* factors*") to determine whether an agency's delay is unreasonable: (1) the time agencies take to make decisions must be governed by a rule or reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80; *see also Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

In considering the first and second factors, the Court looks to USCIS's policy regarding asylum interview scheduling. According to the Complaint, since January 2018, the priority for reviewing asylum applications is based on a last in, first out basis. Compl. ¶ 10. In other words, the most recently filed applications are adjudicated before

earlier filed applications. *Id.* While Congress has specified that the initial interview should commence within 45 days, and a final adjudication shall be completed within 180 days, the plain language of § 1158(d)(5)(A) clarifies that the timing requirements are not mandatory. 8 U.S.C. § 1158(d)(5)(A). Moreover, the last in, first out policy sets forth a "rule of reason" for the adjudication of asylum applications. Thus, the first and second factors favor Defendants even though Plaintiff's application has been pending for roughly three and a half years.

The third and fifth factors also favor Defendants. Here, the Complaint is completely devoid of any facts establishing a risk to human health and welfare or prejudice to Plaintiff. Plaintiff only makes the bare allegation that he "has been greatly damaged by the failure of . . . each Defendant to act in accord with his or her respective duties under the law." Compl. ¶ 17. In opposition to Defendants' motion, Plaintiff contends he will be subjected to "further anxiety, worry, [and] psychological depression" while waiting for his application to be adjudicated. Oppo. at 16. He further contends waiting will "outlast[] his bona fide, compelling reasons for seeking asylum in the first place (the repressive, corrupt dictatorship of Bashar al-Assad will soon enter its 19th year in Syria)." *Id.* This may render his application "'stale' and 'remote.'" *Id.* at 19. Defendants counter that "[t]here is no statutory or regulatory provision that calls for the denial of a pending application based on the passage of time" and that "[a]t the time of adjudication, an asylum officer does not consider whether country conditions have changed such that the applicant no longer has a basis to fear the persecution." Reply at 5 (citing 8 C.F.R. § 208.13(b)(1)(i)(A)). Plaintiff also explains that even though he is a medical doctor, he has been unable to obtain admittance to a hospital residency program in the United States because "he does not possess permanent . . . status in the United States." Oppo. at 16. Instead, Plaintiff works as a "clinical documentation education specialist under the supervision of a registered nurse at a local medical center." *Id.* Thus, he contends he cannot "secure tenured employment as a medical doctor, . . . secure credit and loans for further education, home purchase, automobile purchase, etc." *Id.* at 19.

The Court notes that Plaintiff is permitted to live in the United States without fear of being removed to his home country before the final adjudication of his asylum application and can apply for employment authorization during the pendency of the application. 8 U.S.C. § 1158(d)(2); 8 C.F.R. § 208.7(a); MTD at 11-12. Plaintiff contends this is irrelevant, but the Court finds that Plaintiff is able to live his life during the delay without the additional concern of removal or inability to work. *See* Oppo. at 20. Although Plaintiff may not be able to work in his desired profession or make certain purchases, the risk to human health and welfare and potential prejudice to Plaintiff resulting from delay in the processing of his asylum application favors denying relief.

Under the fourth factor, the D.C. Circuit has stated that a judicial order compelling agency action is improper where "'putting [an individual] at the head of the queue [would] simply move[] all others back one space and produce[] no net gain.'" *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting *In re Barr Laboratories, Inc.*, 930 F.3d 72, 75 (D.C. Cir. 1991)). Here, Plaintiff seeks to expedite the review of his asylum application. *See generally*, Compl. Plaintiff has not alleged the relief requested could result in a "net gain" among USCIS's other activities of competing priorities. *See id.*; *see also* Oppo. at 20 (conceding that this factor "may slightly favor Defendants"). Were the Court to grant the relief Plaintiff requests, it would merely prioritize his application over those of others who have not, or could not, file their own petitions for mandamus relief. *See* MTD at 21 (arguing judicial intervention would "increase the likelihood that only applicants with the means to hire counsel will obtain preferential treatment in the adjudication process."). As indicated by the last in, first out policy, the delay which Plaintiff has experienced in the processing of his application is common among all similarly situated applicants. *See* Compl. ¶¶ 10-11. Thus, this factor weighs against granting relief, and in favor of dismissing the Complaint.

Finally, the Court considers whether there is any impropriety in the delay of Plaintiff's application. Plaintiff avers that this factor weighs in his favor because "Defendants cannot realistically project when or if the Agency will adjudicate the asylum

application." Oppo. at 20. However, Plaintiff concedes that there is a substantial backlog of affirmative asylum applications that is stretching the agency's resources. *Id.* at 7-9; *see also* Compl. ¶ 14 ("[T]he nationwide backlog has **grown** . . . ."). In response, USCIS has purportedly increased hiring to adjudicate these applications. Oppo. at 10. Thus, it does not appear that there is any impropriety in the delay of Plaintiff's application. Weighing the *TRAC* factors, the agency's delay is not unreasonable. *See TRAC*, 750 F.2d at 79-80 (noting that the Court weighs six factors to determine whether an agency's delay is unreasonable). Accordingly, the Court concludes that Plaintiff has failed to state a claim under the APA.

### 2. *Mandamus Act*

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "For mandamus relief, three elements must be satisfied: '(1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed to be free from doubt; and (3) no other adequate remedy is available.'" *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)). Mandamus is an extraordinary remedy which is within a district court's discretion to deny even if the test is met. *Id.*

Here, the Court finds that Plaintiff fails to satisfy the first prong of the test. As discussed above, the INA precludes the possibility of a private right of action based on the timing requirements of 8 U.S.C. § 1158(d)(5)(A) and in interpreting other provisions of the INA with similar bars against private rights of action, the Ninth Circuit has held that mandamus relief is unavailable. *See Campos v. INS*, 62 F.3d 311, 313-14 (9th Cir. 1995); *see also Liuqing Zhu*, 2019 U.S. Dist. LEXIS 68043, at *12; *Pesantez v. Johnson*, No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) ("It is beyond serious dispute that mandamus . . . is unavailable to compel compliance with a

statutory obligation when the underlying statute expressly disclaims a private right of action."). As such, Plaintiff fails to state a claim under the Mandamus Act.

### 3. Due Process

Plaintiff alleges that USCIS's last in, first out policy denies asylum seekers due process. The Constitution protects everyone within the territory of the United states, regardless of citizenship. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Ms. L*, 302 F. Supp. 3d at 1161. They must be afforded "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Additionally, a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-71 (1972).

The Sixth Circuit has squarely rejected a due process challenge to a delay in adjudicating an asylum proceeding. *Vang v. Gonzales*, 237 F. App'x 24 (6th Cir. 2007). In *Vang*, the court considered the argument that the government's 14-year delay in completing the plaintiffs' asylum proceedings deprived them of due process. *Id.* at 31. The Sixth Circuit rejected the plaintiffs' reliance on the 45-day timeframe set out in § 1158(d)(5)(A)(ii), noting that the plain language of § 1158(d)(7) clarifies that "'[n]othing in this subsection shall be construed to create any substant[ive] or procedural right or benefit . . . .'" *Id.* at 31. The Eastern District of New York has likewise considered lengthy delays and due process questions in adjudicating an asylum proceeding. *L.M.*, 150 F. Supp. 3d at 216-17. There, the court concluded that the plaintiffs failed to adequately allege a due process violation because § 1158(d)(7) "explicitly disclaims the creation of any enforceable 'substantive or procedural right or benefit'" and courts considering delays in the immigration context had found delays of longer than 2 years were not due process violations. *Id.* at 217.

Based on the foregoing, the Court concludes that Plaintiff has failed to adequately allege a due process violation because § 1158(d)(7) explains that the INA does not create

a "substantive or procedural right or benefit." 8 U.S.C. § 1158(d)(7). Thus, Plaintiff has not suffered a cognizable deprivation of rights. *See Bd. of Regents of State Colls.*, 408 U.S. at 569. Additionally, courts have found longer delays than Plaintiff's in the immigration context did not constitute a deprivation of due process rights. *Arostegui v. Holder*, 368 F. App'x 169, 172 (2d Cir. 2010) (finding that a five-year delay in initiating removal proceedings did not violate the petitioner's due process rights); *Vang*, 237 F. App'x at 31 (finding a fourteen-year delay in adjudicating the plaintiff's asylum application did not violate due process); *Mudric v. AG of the United States*, 469 F.3d 94, 99 (3d Cir. 2006) (finding no due process violation for a four-year delay in processing an asylum application because "federal immigration laws do not vest in aliens a constitutional right to have their immigration matters adjudicated in the most expeditious manner possible"); *Elia v. Gonzales*, 431 F.3d 268, 275-76 (6th Cir. 2005) (finding a five-year delay in scheduling a deportation hearing did not violate due process).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's Complaint with prejudice and without leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal."). The Clerk of Court is instructed to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: July 26, 2019

Hon. Michael M. Anello
United States District Judge